OPINION
Appellant Lorrie Mae Cox appeals a judgment of the Fairfield County Common Pleas Court, Domestic Relations Division, terminating the child-support obligation of Appellee David Lee Beer:
ASSIGNMENTS OF ERROR
ASSIGNMENT OF ERROR I
 THE TRIAL COURT VIOLATED THE DUE PROCESS CLAUSES OF THE FOURTEENTH AMENDMENT AND SECTION 16, ARTICLE 1 OF THE OHIO CONSTITUTION BECAUSE THE TRIAL COURT'S JUDGMENT ENTRY DATED AUGUST 17, 1999, DID NOT PROVIDE APPELLANT WITH NOTICE AND AN OPPORTUNITY TO BE HEARD BEFORE TERMINATING THE CHILD SUPPORT ORDER.
ASSIGNMENT OF ERROR II
 THE TRIAL COURT ERRED IN TERMINATING THE CHILD SUPPORT ORDER WHEN IT HAD A CONSTITUTIONAL OBLIGATION TO PROVIDE A PROMPT AND MEANINGFUL POST-DEPRIVATION HEARING.
Appellant is the natural mother and residential parent of Devin Jermaine Beers, born July 31, 1995. On December 13, 1995, pursuant to a stipulated judgment, appellee was found to be the natural father of Devin, and ordered to pay child support in the amount of $158.28 per month. On July 20, 1998, appellee was found to be in contempt of court for non-payment of support. In addition to the previous child support order, appellee was ordered to pay $43.33 per month on the arrearage. On August 17, 1999, appellee moved to immediately terminate child support. Attached to his motion was an affidavit. According to his affidavit, appellee spoke with a case worker at the Fairfield County Child Support Enforcement Agency (CSEA), who advised him to get an attorney and have child support stopped and held in escrow immediately. The affidavit alleged that appellant was dating a man at the Community Transition Center in Lancaster, and that he and another resident escaped. Appellee averred that appellant left him a note indicating that she and the child had left for Kentucky and then for Louisiana with the two men who had escaped from the Transition Center, and she would be back in a few days. Appellee further stated in his affidavit that pursuant to his conversation with the case worker at CSEA, it appeared that appellant was going to attempt to have the child support mailed to her, so that the money could be used to assist in the escape of the two men with whom she had left the state. On the same day the motion was filed, the court terminated child support effective immediately. The court further ordered CSEA to immediately take steps to terminate the order to withhold support from appellee's wages.
 I
Appellant argues that the ex parte violated her right to due process, as she was not provided with notice and an opportunity to be heard. This court will not reach constitutional issues unless absolutely necessary. E.g., In Re: Miller (1992), 63 Ohio St.3d 99,110. Because the court violated the Ohio Revised Code and its own local rules in terminating support ex parte, without notice and a hearing, we will not reach the constitutional issue. R.C.3113.21 (G)(4) provides in pertinent part: The obligor under a support order may notify, the child support enforcement agency of any reason for which the support order should terminate . . . Upon the receipt of a notice pursuant to this division, the agency immediately shall conduct an investigation to determine if any reason exists for which the support order should terminate. The agency may conduct such an investigation regardless of whether it received notice under this division. If the agency determines the order should terminate, it immediately shall notify the court that issued the support order of the reason for which the support order should terminate.
(b) Upon receipt of a notice given pursuant to division (G)(4) (a) of this section, the court shall order the division of child support to impound any funds received for the child pursuant to the support order and the court shall set the case for a hearing for a determination of whether the support order should be terminated or modified or whether the court should take any appropriate action.
In the instant case, while appellee did communicate with CSEA, CSEA did not undertake an investigation resulting in notice to the court that the support order should terminate. In any event, upon receipt of notice from appellee that he believed the support order should be terminated, before terminating support the court was required to set the case for hearing and determine whether the support order should be terminated or modified, pursuant to R.C.3113.21 (G)(4)(b). The court did not do so in the instant case. Further, Loc. R. 8.61 of the Fairfield County Common Pleas Court provides that the court will issue ex parte orders affecting children where it is shown that irreparable harm will occur unless immediate action is taken. The Rule further requires that a motion requesting relief of this nature have supporting affidavits which clearly delineate the expectant harm, and the motion must include statements that a hearing has been scheduled on the issue. In the instant case, there is no showing that irreparable harm would occur unless child support was terminated immediately. While the affidavit raised concerns about appellant's whereabouts and the persons with whom she was believed to be residing, the affidavit does not demonstrate that the child would be harmed unless child support was stopped immediately. The first assignment of error is sustained.
 II
The second assignment of error is rendered moot pursuant to our disposition of Assignment of Error I. The August 17, 1999 judgment of the Fairfield County Common Pleas Court, Domestic Relations Division, terminating child support is vacated. This case is remanded to that court for further proceedings according to law.
 __________________________ GWIN, P.J.
FARMER, J., and MILLIGAN, V. J., concur.